The case of Wilson *a.* Britton (6 *Abbotts' Pr. R.*, 97) is direct authority for this decision.

The motion is granted, with ten dollars costs.

----

## McKEE *a.* TYSON.

*Supreme Court, Second District; Special Term, April,* 1860.

### JUDGMENT BY CONFESSION.—AMENDMENT.

A judgment by confession founded on a defective statement, cannot be amended so as to sustain its priority over intervening judgment-creditors.*

----

\* It has been doubted whether the court have power to compel an amendment of a statement for a judgment by confession. (Hammond *a.* Bush, 8 *Abbotts' Pr. R.*, 152.) It seems, however, to be generally agreed that this may be done, but not, however, to the prejudice of intervening judgment-creditors. The following are the cases in this State, illustrating this question of amendment:

In Seaman *a.* Drake (1 *Cai.*, 9), the clerk's omission to sign a judgment, filed and docketed, was considered a mere clerical omission, and the court permitted his signature to be added *nunc pro tunc*.

Where plaintiff's judgment was docketed, but by neglect of the attorney the defendant's plea was not signed, nor the name of defendant's attorney inserted in the record, it was *Held*, that an amendment should be allowed, to sustain the judgment in its priority over a subsequent judgment; it not appearing that the latter was for a debt contracted since the plaintiff's judgment was docketed. The omission of an attorney, as well as that of the clerk, is a mistake of an officer of the court, against which relief should be granted. (Close *a.* Gillespey, 3 *Johns.*, 526.)

J. R. gave a bond and warrant of attorney to his creditor, who entered judgment and issued execution, but by mistake all the proceedings and the judgment were in the name of E. R. J. R. consented to an amendment, but subsequent

Leave may be granted to the plaintiff to amend the confession, as against the defendant, by supplying defects in the statement according to the facts proved on motion to set it aside.

Plaintiff was a grocer, and defendant resided with his family in his vicinity. De-

judgment-creditors, though they had had actual notice of the judgment, objected. The court, however, allowed an amendment. (Hart *a.* Reynolds, 3 *Cow.*, 42, *note.*)

Where judgment was signed, and mailed to the clerk to be filed, but never received by him, and plaintiff issued execution, on which, together with subsequent executions of other judgment-creditors, who had actual notice of plaintiff's execution, levy and sale was made, and the proceeds paid over, under order of court;—it was *Held*, that a motion to require plaintiffs to repay the moneys, and give the other judgment-creditors preference, on the ground that he had no judgment, must be denied. 1. The moneys had passed beyond the power of the court, and could not be recalled on a motion.

2. The defect was amendable, under the circumstances of the case; and the plaintiff should be allowed to file his record *nunc pro tunc.* (Chichester *a.* Cande, 3 *Cow.*, 39.)

A void judgment is not amendable, if the signing is by an officer who has no authority to sign such record—*e. g.,* a judge of the Common Pleas, not of degree of counsellor, where the sum exceeds $500; in which case the record must, by 2 Rev. Stat. (282, § 35), be signed by the first or other judge of the degree of counsellor, or by the clerk,—there is no signing within sections 11 and 12; and an amendment cannot be allowed by signing *nunc pro tunc,* so as to save the lien of the judgments, or priority of executions, as against subsequent judgment-creditors. (Butler *a.* Lewis C. P., 10 *Wend.*, 541; affirmed, in *Ct. of Errors* (1835), *sub nom.* Judges of Lewis C. P. *a.* People, 15 *Wend.*, 110.)

In the same case, it appearing that a judgment-record was first regularly signed by the clerk, and the attorney subsequently entered a common rule, vacating such signing, and procured the roll to be signed by the officer who had no authority to sign;—it was *Held*, that the judgment was legally signed, and should be sustained. (15 *Wend.*, 110.)

Under 2 Rev. Stat. (424, §§ 7, 8), it was held that the court might amend a judgment recovered by action, which, through the error of the clerk, was docketed for less than its amount; such amendment, as against the defendants, is almost a matter of course. Judgment-creditors, &c., should have notice of the application; and those who claim under the defendant, as subsequent *bona-fide* purchasers, mortgagees, and incumbrancers, or as judgment-creditors, who have given defendant indulgence, should be protected. But the mere holding of a subsequent judgment, it was held, is no answer to the motion. (Hunt *a.* Grant, 19 *Wend.*, 90.)

In the Bank of Rochester *a.* Emerson (10 *Paige*, 359), it was held that though there was no doubt of the power of the Court of Chancery to correct or supply the errors or omissions of its clerks, and other officers, in furtherance of justice, the court would not give permission to file and confirm a report *nunc pro tunc,* for the purpose of giving the party applying a preference over other creditors, which he had lost, by the neglect of his solicitor to pay the fees necessary to secure the filing of the report, when it was delivered to the clerk.

A warrant of attorney accidentally omitted to be filed with the judgment-

McKee *a.* Tyson.

fendant's confession of judgment, stated that a part of the indebtedness arose on his promissory note, dated May 1, 1856, given by defendant to plaintiff " for groceries, goods, and merchandise furnished to me before that time by the plaintiff, and from his store," and specified the amount of interest due.

record, entered on bond and warrant of attorney, may be filed *nunc pro tunc*. So *held*, on motion of both defendant and a junior judgment-creditor to vacate the execution. . (*Supreme Ct., Sp. T.,* 1845, Jordan *a.* Posey, 1 *How. Pr. R.*, 123.)

On filing a statement, for judgment by confession, the clerk of court entered the judgment, but omitted to indorse the same upon the statement, as required by the statute ; and afterwards, another creditor, with notice of this defect, procured a judgment by confession against the same defendant. Subsequently, the clerk refiled the former statement, and perfected judgment thereon anew.

*Held*, on motion of the plaintiff in that judgment, that an amendment should be ordered, by vacating the second entry and filing the statement regularly, *nunc pro tunc*, as of the time when it was originally delivered to the clerk, so as to preserve the priority. (Neele *a.* Berryhill, 4 *How. Pr. R.*, 16.)

In Mann *a.* Brooks, it was further held that the court have power to order the record of a judgment by confession to be amended as of the day it was filed, and without notice to subsequent judgment-creditors. (7 *How. Pr. R.*, 449 ; affirmed, 8 *Ib.*, 40.)

In Davis *a.* Morris (1855, 21 *Barb.*, 152), it was held that where the good faith of the indebtedness sought to be secured by a confession of judgment is not questioned, and it does not appear that any superior equities subsist in favor of other creditors, the court should permit an amendment of defects in the state-. ment, so as to preserve the lien and priority of the judgment.

Two later cases, however, go towards supporting the proposition that the amendment, if allowed, must save the rights of any intervening judgment-creditors, without reference to any comparison of equities.

Thus, where the transaction was in good faith, and the defect in the form of the confession arose from a misapprehension of the practice, the court nevertheless refused to permit an amendment so as to preserve the priority of the judgment, as against subsequent judgment-creditors. (Boyden *a.* Johnson, 11 *How. Pr. R.*, 503.)

So where upon a motion to set aside a judgment upon confession entered upon an insufficient statement of indebtedness, an order was granted allowing an amendment, it was qualified so as not to interfere with the rights of any judgment-creditors which might have in the mean time attached. (Johnston *a.* Fellerman, 13 *How. Pr. R.*, 21.)

On the hearing of the motion of a judgment-creditor to vacate a judgment entered by confession upon an insufficient statement, the plaintiff supplied all the defects in the statement, and showed that they were attributable, not to the plaintiff, but to the misapprehension of his attorney, and asked leave to amend it accordingly.

. *Held*, 1. That the defects were not mere irregularities ; that the judgment was void ; and that the court had no right to authorize a new judgment under the form of an amendment, which should take priority over other judgments subsequently recovered.

2. That as an amendment without prejudice to subsequent judgments would be

McKee a. Tyson.

*Held,* insufficient, as not showing within what period the goods were furnished, nor the facts on which interest could be claimed.

A part of the indebtedness was stated to be " for groceries, goods, and merchandise furnished to me since the 1st day of May, 1856, by the plaintiff from his store." The statement was dated March 31, 1857.

*Held,* that these dates, and the nature of the goods sold as stated, sufficiently disclosed the facts out of which this part of the indebtedness arose.

Motion by judgment-creditor to vacate a judgment entered by confession.

*F. W. Geissenhainer, Jr.,* and *Henry W. Eastman,* for the motion.

*Wm. H. Onderdonk,* opposed.

W. W. SCRUGHAM, J.—The question to be decided is, whether the statement upon which the judgment by confession was entered in this action, is sufficient to authorize such judgment.

Subdivision 2, of section 383 of the Code, requiring that " if it (the statement) be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due."

The question as to the degree of particularity requisite under this section has been frequently presented, and the opinions ex-

---

worth but little to the plaintiff, the better course was to vacate the judgment. (Von Beck *a.* Shuman, 13 *How. Pr. R.,* 472.)

In Hammond *a.* Bush (8 *Abbotts' Pr. R.,* 152), it was held that the court have no power to allow an amendment of an insufficient statement and confession of judgment, so as to render the judgment entered upon it valid, as against intervening *bona-fide* purchasers or incumbrancers.

Where the confession of judgment, and the judgment entered thereon, were erroneous in many material respects, the court refused to allow any amendment. *(Supreme Ct., Sp. T.,* 1855, Allen *a.* Smillie, 1 *Abbotts' Pr. R.,* 354 ; S. C., 12 *How. Pr. R.,* 156.)

See also Buchan *a.* Sumner (2 *Barb. Ch.,* 165), in which it was held that a statute (*Laws of* 1844, 90, ch. 104, § 7) authorizing the Supreme Court, the Court of Chancery, the New York Superior Court, and Mayors' Courts of cities, and Courts of Common Pleas, to direct the amending of the dockets of their judgments, in the office of the clerks of counties, and the docketing thereof *nunc pro tunc,*—did not give the court power to amend a docket so as to give the judgment amended a priority over another judgment docketed before the *enactment* of the statute ; for such a statute does operate retrospectively.

pressed, by the justices who have considered it, are conflicting; some of them holding that it should be as precise as that required under the act of 1818, while others have considered that no such precision is necessary.

The opinions given in the cases which have reached the Court of Appeals, strongly indicate a disposition to require a degree of particularity, almost, if not quite as great as that which was decided to be necessary under the act of 1818; but the decisions in those cases have settled no rules for the construction of these statements, excepting that it is not sufficient merely to state and set out a promissory note, executed by the defendant to the plaintiff, as the consideration of the indebtedness, or to set out and state such a promissory note, alleging that it was given on a settlement of accounts on a specified day between the debtor and the plaintiff in such judgment.

The object of the Legislature in enacting this provision, was to protect creditors against the frauds so easily perpetrated under the former system of confessing judgment by bond and warrant of attorney; and to carry this object into effect, the debtor should be required to state the facts out of which the indebtedness arose, with at least so much particularity as to enable other creditors, as is remarked in Chappell a. Chappell, " to compare such statement with the known circumstances and relations of the debtor, and thus to form a more accurate opinion as to his integrity in confessing the judgment than was possible under the former system."

The affidavits of both the plaintiff and defendant, read in opposition to this motion, show that the plaintiff was a storekeeper at Manhasset, in Queens county; that the defendant resided with his family near the plaintiff's store, and was in the habit of dealing there for groceries and other articles consumed in his family. They also show that the debt upon which this judgment is founded, was a just debt, and a very full and precise bill of particulars of its items is annexed to them. They may be used to supply deficiencies in the statement upon which the judgment is founded, and to authorize its amendment, but not so as to give that judgment priority over other judgments entered before such amendment. A judgment entered upon an insufficient statement is to be deemed fraudulent and void as to the other judgment-creditors of the defendant; and it

McKee a. Tyson.

would be improper to allow an amendment to their prejudice. In the case under consideration, the statement upon which the judgment was entered was as follows :

The above indebtedness arose as follows: The sum of three hundred and ninety dollars thereof on a promissory note, dated the 1st day of May, 1856, given by me to the said plaintiff for value received, to wit, for groceries, goods, and merchandise furnished to me before that time by the above-named plaintiff, and from his store.

The sum of twenty-four dollars and ninety-seven cents, being the amount of interest on said note to this date.

The sum of two hundred and forty-one dollars and fifty-eight cents for groceries, goods, and merchandise furnished to me since the 1st day of May, 1856 (when the said note was given), by the above-named plaintiff, and from his store.

There is nothing in the first branch of this statement showing the period at which, or within which, the groceries, goods, and merchandise therein mentioned were furnished to the defendant, excepting only that they were furnished before the note was given; nor is there any thing in any branch or part of the whole statement, or in the known circumstances or relations of the parties, from which any inference in that respect could be drawn.

If it could be considered sufficient in other respects, I think this deficiency would be fatal to it.

The second branch of the statement depends entirely upon the first, and is open to the further objection that the facts out of which an indebtedness for interest could arise, are not stated, and cannot be inferred from any part of the whole statement. It does not appear when the note referred to became due, or whether or not it carried interest from its date.

The third branch of the statement alleges an indebtedness of $241.58 for groceries, goods, and merchandise furnished to the defendant since the 1st of May, 1856, by the plaintiff, and from his store. The statement is dated March 31, 1857, and it thereby appears that these articles were furnished between the 1st May, 1856, and 31st March, 1857. The period during which they were furnished is, I think, sufficiently expressed.

The known circumstances and relations of the parties were, that the plaintiff kept a country store at Manhasset, the defend-

ant, with his family, resided near that store, and was in the habit of dealing there for articles used in his family.

Taking these circumstances and relations into consideration, I think the allegation that the groceries, goods, and merchandise were furnished from the store of the plaintiff, sufficient to indicate their general nature, and to furnish, with the other allegations, and especially the statement of the period during which the articles were furnished, indications from which the creditors of the defendant would be enabled to judge of the *bona-fides* of the confession with nearly as much accuracy as from a bill of particulars.

The order will be that the lien of this judgment, to the extent of $241.58, and interest thereon from April 2, 1857, and $5 costs of entering the same, have priority, and the balance is postponed to the lien of the judgment of John H. Chapman and James A Chapman, recorded in this court, and entered in the office of the clerk of the county of Queens, on the 14th day of July, 1857, for $455.37, damages and costs. And leave is granted to the plaintiff, Thomas McKee, to amend the statement of confession upon which this judgment was entered, in accordance with the facts set forth in the affidavit of the defendant, Richard Tyson, read in opposition to this motion : such amendment, however, is not to affect the priority of any lien upon the real estate of said defendant, acquired before such amendment shall be made.

No costs of this motion are allowed to either party.